UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
ROBYN FENTY and TOURIHANNA,                  :   12-CIV-5207
:
                    Plaintiffs,              :
                                             :   **BERDON LLP'S ANSWER TO**
         -against-                           :   **PLAINTIFFS' COMPLAINT**
                                             :
                                             :
BERDON, LLP, MICHAEL MITNICK, and            :
PETER GOUNIS,                                :
                                             :
                    Defendants.              :
------------------------------------------------------------------ X

Defendant Berdon LLP ("Berdon") by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby Answers the Complaint, dated July 3, 2012 ("Complaint"), as follows:

## PARTIES

1. Admits that in 2005, at the age of sixteen, Plaintiff Robyn Fenty ("Fenty") signed with Island Def Jam Music Group. Berdon denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint.

2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admits that Fenty received endorsements from several companies during the time Berdon was engaged by Fenty.

3. Admits that: (a) Berdon was engaged to provide accounting and business management services, including the management of her and her business entities' finances; (b) Mitnick, Gounis and other Berdon employees worked on Fenty's accounts

and various business entities; and (c) Berdon provided Fenty's business entities, including Tourihanna, with accounting and business management services. Berdon denies upon information and belief that Fenty had no knowledge or understanding of financial matters whatsoever and that Fenty relied on Berdon exclusively to provide her and her business entities with accounting and business management services. Berdon denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint.

4. Denies the allegations contained in paragraph 4 of the Complaint, except admits that between 2005 and 2010, Tourihanna was the company through which Fenty's concert tours were run, including her 2009 "Last Girl on Earth" tour.

5. Denies the allegations contained in paragraph 5 of the Complaint, except admits that Berdon is an accounting firm that provides a variety of services to its clients, including business management services offered through its Entertainment and Personal Business Management Group ("Entertainment Group"), and otherwise refers to its website and marketing materials as to the best evidence of how it advertises itself.

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits that in 2005 Berdon was hired to provide Fenty, and ultimately Tourihanna, with accounting, business and financial management services.

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that: (a) Mitnick is a Certified Public Accountant; (b) Mitnick was a partner at Berdon in Berdon's Entertainment Group; (c) in 2005, Berdon was hired to provide Fenty with accounting and business management services; and (d) Mitnick worked on Fenty's accounts.

8. Denies the allegations contained in paragraph 8 of the Complaint, except admits that Gounis was employed by Berdon and Gounis worked on Fenty's accounts.

9. Paragraph 9 of the Complaint contains legal conclusions to which Berdon need not respond, but, to the extent a response is required, Berdon denies the allegations contained in paragraph 9.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Complaint contains legal conclusions to which Berdon need not respond, but, to the extent a response is required, Berdon admits it is a limited liability partnership; admits that Michael Mitnick is a resident of the State of Florida; admits that Peter Gounis is a resident of the State of New Jersey; and denies knowledge or information sufficient to respond to the remaining allegations.

11. Paragraph 11 of the Complaint contains legal conclusions to which Berdon need not respond, but, to the extent a response is required, admits that business is transacted in New York.

12. Paragraph 12 of the Complaint contains legal conclusions to which Berdon need not respond, but, to the extent a response is required, admits that Berdon's offices are in New York and provides accounting and business management services in New York.

## ALLEGATIONS COMMON TO ALL CLAIMS

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint, except admits that Berdon provided accounting and business and financial management services to Fenty.

15. Denies the allegations contained in paragraph 15 of the Complaint, except admits that Berdon agreed to provide Fenty with professional accounting services pursuant to a written engagement letter dated April 8, 2005, and refer to that letter as the best evidence of its contents.

16. Denies the allegations contained in paragraph 16 of the Complaint, except admits that Berdon agreed to provide Fenty with professional accounting services pursuant to a written engagement letter dated March 13, 2007, and refer to that letter as the best evidence of its contents.

17. Denies the allegations contained in paragraph 17 of the Complaint, except admits that Berdon agreed to provide Fenty with professional accounting services pursuant to a written engagement letter dated March 20, 2009, and refer to that letter as the best evidence of its contents.

18. Denies the allegations contained in paragraph 18 of the Complaint, except admits that Berdon agreed to provide Fenty with professional accounting services pursuant to a written engagement letter signed by Fenty on March 21, 2010, and refer to that letter as the best evidence of its contents.

19. Denies the allegations contained in paragraph 19 of the Complaint, except states that, pursuant to the engagement letters signed by Fenty, Fenty agreed to pay Berdon fees based on a percentage of her gross receipts at a rate and in a manner, which is consistent with industry practice and standards.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint, except states that Berdon assisted in obtaining Federal Tax Identification numbers for certain limited liability companies and that there were inter-company transactions among these companies to pay Fenty's expenses.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint, except admits that Fenty agreed to pay fees to Berdon that were calculated as a percentage of her gross receipts as stated in the engagement letters signed by Fenty.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint, except admits that Plaintiffs embarked on four national and international tours during the period of time Plaintiffs engaged Berdon and the 2009, "Last Girl on Earth" tour, suffered net losses and that Fenty agreed to pay fees to Berdon calculated as a percentage of her gross receipts based on the engagement letters signed by Fenty.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint, except denies knowledge and information as to what Fenty "learned" in September 2010 and refer to her financial records as the best evidence of her revenues, expenses and net income.

## FIRST CLAIM FOR RELIEF

51. Berdon incorporates by reference herein each of its responses to Paragraphs 1 through 50 of the Complaint as if the same were set forth herein in their entirety.

52. Denies the allegations contained in paragraph 52 of the Complaint, except admits that Fenty and Berdon signed engagement letters dated April 8, 2005, dated March 13, 2007, dated March 20, 2009, and signed March 21, 2010, and refer to those letters as the best evidence of their content.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Denies the allegations contained in paragraph 57 of the Complaint.

58. Denies the allegations contained in paragraph 58 of the Complaint.

## SECOND CLAIM FOR RELIEF

59. Berdon incorporates by reference herein each of its responses to Paragraphs 1 through 58 of the Complaint as if the same were set forth herein in their entirety.

60. Admits the allegations contained in paragraph 60 of the Complaint.

61. Denies the allegations contained in paragraph 61 of the Complaint, except admits that Berdon was required to provide its services to plaintiffs in accordance with certain standards to be established at the trial of this matter.

62. Denies the allegations contained in paragraph 62 of the Complaint.

63. Denies the allegations contained in paragraph 63 of the Complaint.

64. Denies the allegations contained in paragraph 64 of the Complaint.

65. Denies the allegations contained in paragraph 65 of the Complaint.

### THIRD CLAIM FOR RELIEF

66. Berdon incorporates by reference herein each of its responses to Paragraphs 1 through 65 of the Complaint as if the same were set forth herein in their entirety.

67. Denies the allegations contained in paragraph 67 of the Complaint.

68. Denies the allegations contained in paragraph 68 of the Complaint.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies the allegations contained in paragraph 70 of the Complaint.

71. Denies the allegations contained in paragraph 71 of the Complaint.

### FOURTH CLAIM FOR RELIEF

72. Berdon incorporates by reference herein each of its responses to Paragraphs 1 through 71 of the Complaint as if the same were set forth herein in their entirety.

73. Denies the allegations contained in paragraph 73 of the Complaint.

74. Denies the allegations contained in paragraph 74 of the Complaint.

75. Denies the allegations contained in paragraph 75 of the Complaint.

76. Denies the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

78. Denies the allegations contained in paragraph 78 of the Complaint.

79. Denies the allegations contained in paragraph 79 of the Complaint.

80. Denies the allegations contained in paragraph 80 of the Complaint.

## FIFTH CLAIM FOR RELIEF

81. Berdon incorporates by reference herein each of its responses to Paragraphs 1 through 80 of the Complaint as if the same were set forth herein in their entirety.

82. Paragraph 82 of the Complaint contains legal assertions to which Berdon need not respond. Berdon refers all questions of law to the Court.

83. Denies the allegations contained in paragraph 83 of the Complaint.

84. Denies the allegations contained in paragraph 84 of the Complaint.

## SIXTH CLAIM FOR RELIEF

85. Berdon incorporates by reference herein each of its responses to Paragraphs 1 through 84 of the Complaint as if the same were set forth herein in their entirety.

86. Paragraph 86 of the Complaint contains legal assertions to which Berdon need not respond. Berdon refers all questions of law to the Court.

87. Paragraph 87 of the Complaint contains legal assertions to which Berdon need not respond. Berdon refers all questions of law to the Court.

88. Paragraph 88 of the Complaint contains legal assertions to which Berdon need not respond. Berdon refers all questions of law to the Court.

89. Denies the allegations contained in paragraph 89 of the Complaint.

90. Denies the allegations contained in paragraph 90 of the Complaint.

91. Denies the allegations contained in paragraph 91 of the Complaint.

92. Denies the allegations contained in paragraph 92 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

93. Berdon incorporates by reference herein each of its responses to Paragraphs 1 through 92 of the Complaint as if the same were set forth herein in their entirety.

94. Denies the allegations contained in paragraph 94 of the Complaint.

95. Denies the allegations contained in paragraph 95 of the Complaint.

## AFFIRMATIVE DEFENSES

### As and For the First Affirmative Defense

96. The Complaint fails to state a claim upon which relief can be granted.

### As and For the Second Affirmative Defense

97. The damages incurred by Plaintiffs, if any, which damages are specifically denied, have been caused by their own financial actions or inaction, or the financial actions or inaction of their other agents and, Plaintiffs' claims are barred and/or limited by their own fault. Accordingly, any award of damages, which damages are specifically denied, must be denied or, at least, proportionally reduced by the intervening or superseding conduct, negligence or fault of Plaintiffs.

### As and For the Third Affirmative Defense

98. Berdon has complied with and performed all obligations applicable to it under any and all contracts and/or agreements between itself and Plaintiffs.

### As and For the Fourth Affirmative Defense

99. Berdon conducted its professional obligations in accordance with the standards of a similarly situated professional under similar circumstances.

### As and For the Fifth Affirmative Defense

100. Plaintiffs have not suffered any recoverable damages.

### As and For the Sixth Affirmative Defense

101. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### As and For the Seventh Affirmative Defense

102. Plaintiffs' recovery is barred by the doctrine of laches.

### As and For the Eighth Affirmative Defense

103. A defense is founded upon documentary evidence

### As and For the Ninth Affirmative Defense

104. Any fees or other compensation paid to Berdon was agreed to in advance by Fenty and was commensurate with the services provided.

### As and For the Tenth Affirmative Defense

105. Plaintiffs' alleged reliance is unreasonable as a matter of fact and law.

### As and For the Eleventh Affirmative Defense

106. Plaintiffs' fifth claim for relief, violation of New York's General Business Law, fails to state a claim upon which relief can be granted and must be stricken because this statute does not apply to the circumstances underlying this case.

### As and For the Twelfth Affirmative Defense

107. Plaintiffs' sixth claim for relief, violation of California Business and Professions Code Sections §§17200, 17203 and 17204, fails to state a claim upon which

relief can be granted and must be stricken because Berdon is a New York limited liability company and is not bound by the laws of the State of California.

Dated: White Plains, New York
      July 25, 2012

                        Respectfully submitted,

                        Wilson, Elser, Moskowitz, Edelman & Dicker LLP

                        By: _____
                           Thomas R. Manisero (TM 8548)
                           Peter J. Larkin (PL 9645)
                           Nicole B. Liebman (NL 4444)
                           *Attorneys for Defendant Berdon LLP*
                           3 Gannett Drive
                           White Plains, NY 10604
                           (914) 323-7000
                           (914) 323-7001 (fax)