**GIORDANO, HALLERAN & CIESLA, P.C.**
125 Half Mile Road, Suite 300
Red Bank, N.J. 07701-6777
(732) 741-3900
Attorneys for Defendant, Peter Gounis

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBYN FENTY AND TOURIHANNA<br><br>Plaintiffs,<br><br>v.<br><br>BERDON, LLP, MICHAEL MITNICK, AND PETER GOUNIS<br><br>Defendants. | DOCKET NO. 12-CIV-5207<br><br>Civil Action<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, Peter Gounis, ("Gounis or "Defendant") by and through his attorneys, Giordano Halleran & Ciesla, P.C., hereby answers the Complaint, dated July 3, 2011 as follows:

**PARTIES**

1. Gounis admits that: (a) Plaintiff Robyn Fenty ("Fenty") is an R&B recording artist; (b) that she signed with Island Def Jam Music Group in or around 2005; and (c) that she subsequently moved to the United States. Gounis denies all knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint.

2. Gounis admits that: (a) Plaintiff Fenty has achieved at least nine (9) number one singles on *Billboard's* Hot 100 List; (b) that Plaintiff Fenty was Billboard's Digital Songs Artist

of the 2000's; (c) that Plaintiff Fenty was ranked seventeenth artist of the decade for the 2000's by *Billboard*; (d) that Plaintiff Fenty won five (5) Grammy Awards, five (5) American Music Awards, nineteen (19) *Billboard* Music Awards, two Brit Awards, the World Music Award for World's Best-Selling Pop Female Artist and Entertainer of the Year in 2007; and (e) that Plaintiff Fenty has received certain endorsements from several companies during the time that Berdon, LLP was engaged by Plaintiff Fenty. Gounis is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3. Gounis admits that: (a) Gounis worked on Plaintiff Fenty's accounts and certain of Plaintiff Fenty's corporate entities, including Plaintiff Tourihanna; and (b) that Berdon provided Plaintiff Fenty with accounting and business management services, including the management of her and her corporate entities' finances. Gounis denies upon information and belief, that Plaintiff Fenty had no knowledge or understanding of financial matters and that she relied on Defendants exclusively to provide her and her corporate entities with accounting and business management services. Gounis is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint.

4. Gounis admits that Tourihanna was established in 2005 as her concert touring company, and Tourihanna was a company through which certain of Fenty's concert tours were run, including her 2009 "Last Girl on Earth" tour. Gounis denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Gounis admits that Berdon was and is an accounting firm offering a variety of services to its clients, including business management services through its Entertainment and Personal Business Managing Group ("EPBM"). Gounis is without knowledge and information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint.

6. Gounis admits that Berdon performed certain accounting, business and financial management services for Tourihanna and that in 2005 Berdon was hired to provide Plaintiff Fenty with accounting, business and financial management services. Gounis denies any misconduct and malfeasance and that Plaintiff was vulnerable thereto. Gounis is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint.

7. Gounis admits that: (a) Defendant Mitnick is a Certified Public Accountant; (b) that Mitnick was a partner in Berdon's Entertainment Group; (c) that Berdon was hired to provide Plaintiff Fenty with accounting and business management services in 2005; and (d) that Mitnick worked on Plaintiff Fenty's accounts. Gounis is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint.

8. Gounis admits that Gounis was employed by Berdon and that he was assigned to, and did work on, Plaintiff Fenty's accounts. Gounis denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Gounis admits that Gounis was an employee of Berdon, and was acting within the course and scope of his employment at all relevant times. Gounis denies the remaining allegations contained in paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Gounis admits that: (a) Berdon is a Limited Liability Partnership; (b) that Michael Mitnick is a resident of the State of Florida; and (c) that Gounis is a resident of the State of New Jersey. Gounis is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint.

11. Gounis admit that Gounis has transacted business in New York. Gounis is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint.

12. Gounis admits that Gounis did do business in New York while employed at Berdon and servicing Plaintiff Fenty's accounts. Gounis is without knowledge and information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 12 of the Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS

13. Gounis admits that: (a) Plaintiff Fenty has recorded and released six (6) albums; (b) that she released her debut album, "Music of the Sun," in 2005, which reached the top ten (10) of the *Billboard* 200 Chart and featured Plaintiff Fenty's *Billboard* Hot 100 Single; (c) that Plaintiff Fenty released her second album, "A Girl Like Me," in 2006 and reached the top 5 of the Billboard 200 Album Chart and produced her First Hot 100 #1 Single, "SOS"; (d) that Plaintiff Fenty released a third album in 2007 titled "Good Girl Gone Bad" which included singles including, "Umbrella," "Take a Bow," "Disturbia," and "Don't Stop The Music"; (e) that Plaintiff Fenty won a Grammy Award for Best Rap/Sung Collaboration for "Umbrella"; (f) that Plaintiff Fenty released a fourth album in 2009 titled "Rated R" which debuted at #4 on the *Billboard* 200 List and has been certified platinum by the Recording Industry Association of

America; (g) that "Rated R" contained singles, including "Russian Roulette," and "Rude Boy"; (h) that "Rude Boy" achieved the #1 spot on the *Billboard* Hot 100; (i) that Plaintiff Fenty released a fifth album, "Loud," in 2010 and that "Loud" included singles such as "Only Girl (In The World)," "What's My Name?" and "S&M," all of which reached the number one position on the *Billboard* Hot 100 Chart; (j) that Plaintiff Fenty released a sixth studio album in 2011, "Talk that Talk," including the following singles, "We Found Love," "You Da One" and "Talk that Talk"; and (k) that Plaintiff Fenty embarked on a world-wide "Loud" tour in 2011. Gounis is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint.

14.  Gounis admits that Berdon provided accounting, business and financial management services to Fenty. Gounis denies the remaining allegations contained in paragraph 14 of the Complaint.

15.  Gounis admits that Plaintiff Fenty engaged Berdon to provide her with professional accounting services pursuant to a written engagement letter dated April 8, 2005, and specifically avers that such document speaks for itself as to the evidence of its contents. Gounis denies the remaining allegations contained in paragraph 15 of the Complaint.

16.  Gounis admits that Plaintiff Fenty and Berdon entered into a written engagement letter dated March 13, 2007 in which Berdon agreed to provide Plaintiff Fenty with professional accounting services, and specifically avers that such document speaks for itself. Gounis denies the remaining allegations contained in paragraph 16 of the Complaint.

17.  Gounis admits that Plaintiff Fenty and Berdon entered into a written engagement letter dated March 20, 2009, pursuant to which Berdon agreed to provide to Plaintiff Fenty with

professional accounting services, and specifically avers that such document speaks for itself. Gounis denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Gounis admits that Plaintiff Fenty and Berdon entered into a written engagement letter dated March 20, 2010 pursuant to which Berdon agreed to provide Plaintiff Fenty with professional accounting services, and specifically avers that the document speaks for itself. Gounis denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Gounis admits that Berdon and Plaintiff Fenty entered into certain engagement letter agreements, and that such documents speak for themselves as to Berdon's obligations and fees. Gounis denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Gounis denies the allegations contained in paragraph 20 of the Complaint.

21. Gounis denies the allegations contained in paragraph 21 of the Complaint.

22. Gounis admits that Berdon assisted Plaintiff Fenty in obtaining Federal tax identification numbers for various limited liability companies and that these companies made inter-company transactions to pay Plaintiff Fenty's expenses. Gounis denies the remaining allegations contained in paragraph 22 of the Complaint.

23. Gounis denies the allegations contained in paragraph 23 of the Complaint.

24. Gounis denies the allegations contained in paragraph 24 of the Complaint.

25. Gounis denies the allegations contained in paragraph 25 of the Complaint.

26. Gounis denies the allegations contained in paragraph 26 of the Complaint.

27. Gounis denies the allegations contained in paragraph 27 of the Complaint.

28. Gounis denies the allegations contained in paragraph 28 of the Complaint.

29. Gounis denies the allegations contained in paragraph 29 of the Complaint.

30. Gounis denies the allegations contained in paragraph 30 of the Complaint.

31. Gounis denies the allegations contained in paragraph 31 of the Complaint.

32. Gounis denies the allegations contained in Paragraph 32 of the Complaint.

33. Gounis denies the allegations contained in paragraph 33 of the Complaint.

34. Gounis denies the allegations contained in paragraph 34 of the Complaint.

35. Gounis denies the allegations contained in paragraph 35 of the Complaint.

36. Gounis denies the allegations contained in paragraph 36 of the Complaint.

37. Gounis denies the allegations contained in paragraph 37 of the Complaint.

38. Gounis denies the allegations contained in paragraph 38 of the Complaint.

39. Gounis denies the allegations contained in paragraph 39 of the Complaint.

40. Gounis denies the allegations contained in paragraph 40 of the Complaint.

41. Gounis admits that Plaintiff Fenty sought to purchase a home in the Fall of 2009 while she was on the "Last Girl on Earth" tour. Gounis denies the remaining allegations contained in paragraph 41 of the Complaint.

42. Gounis admits that Mitnick and Gounis worked on Fenty's accounts, and that Berdon provided Plaintiffs with business management, accounting and advisory services. Gounis denies the remaining allegations contained in paragraph 42 of the Complaint.

43. Gounis admits that Plaintiff Fenty agreed to pay Berdon fees calculated on a specific percentage of her gross receipts. Gounis denies the remaining allegations contained in paragraph 43 of the Complaint.

44. Gounis states that Berdon's fees for work performed on Plaintiff Fenty's accounts were based on gross receipts as stated in certain engagement letters between Plaintiffs and Berdon, and avers that he prepared timesheets for Berdon's internal purposes only. Gounis denies the remaining allegations contained in paragraph 44 of the Complaint.

45. Gounis denies the allegations contained in paragraph 45 of the complaint.

46. Gounis denies the allegations in paragraph 45 of the Complaint.

47. Gounis admits that Plaintiff Fenty agreed with Berdon to pay Berdon a percentage of her gross receipts as stated in certain engagement letters between Plaintiffs and Berdon, and that Plaintiff Fenty embarked on four national and international tours during the period of time Plaintiff engaged Berdon. Gounis is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 of the Complaint.

48. Gounis is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Gounis denies that Plaintiff Fenty paid any commissions to Gounis. Gounis is without knowledge and information to the remaining allegations contained in paragraph 49 of the Complaint.

50. Gounis denies the allegations contained in paragraph 50 of the Complaint.

## **FIRST CLAIM FOR RELIEF**

51. Gounis incorporates by reference, its answers to paragraphs 1-50 of the Complaint, as if set forth in full herein.

52. Gounis admits that Plaintiff Fenty and Berdon signed certain engagement letters, and specifically avers that those agreements speak for themselves. Gounis denies the remaining allegations contained in paragraph 52 of the Complaint.

53. Gounis admits that Plaintiff Fenty and Berdon signed certain engagement letters, and avers specifically that those agreements speak for themselves. Gounis individually did not enter into any contracts, express or implied in fact with Fenty. Gounis is without knowledge

sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of the Complaint.

54. Gounis denies that: (a) any contract express or implied-in-fact existed between him and Plaintiff Fenty; (b) he acted pursuant to any agreement implied-in-fact between Plaintiff Fenty and himself; and (c) that Gounis received any compensation from Plaintiff Fenty and specifically avers that all of his actions with respect to Plaintiff Fenty and her company's accounts were conducted during the course of and within the scope of his employment. Gounis is without knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Complaint.

55. Gounis denies that: (a) any implied-in-fact agreement by and between Plaintiff Fenty and Defendant Gounis existed; and (b) that Defendants engaged in any act constituting any negligence and/or fraud. Gounis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Complaint.

56. Gounis denies the allegations contained in paragraph 56 of the Complaint.

57. Gounis denies the allegations contained in paragraph 57 of the Complaint.

58. Gounis denies the allegations contained in paragraph 58 of the Complaint.

## SECOND CLAIM FOR RELIEF

59. Gounis incorporates by reference, its answers to paragraphs 1-58 of the Complaint, as if set forth in full herein.

60. Gounis denies that he owed any independent duty to Plaintiffs with respect to professional accounting and business management services and specifically avers that all of Gounis' conduct with respect to Plaintiffs was performed during the course of and within the

scope of his employment for Berdon. Gounis is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the Complaint.

61. Gounis admits that Berdon was required to provide its services to Plaintiff in accordance with certain standards to be established at the trial of this matter. Gounis denies the remaining allegations contained in paragraph 61 of the Complaint.

62. Gounis admits that Berdon was required to provide its services in accordance with certain standards to be established at trial. Gounis denies the remaining allegations contained in paragraph 62 of the Complaint.

63. Gounis admits that Berdon was required to provide its services to Plaintiff in accordance with certain standards to be established at trial. Gounis denies the remaining allegations contained in paragraph 63 of the Complaint.

64. Gounis denies the allegations contained in paragraph 64 of the Complaint.

65. Gounis denies the allegations contained in paragraph 65 of the Complaint.

### THIRD CLAIM FOR RELIEF

66. Gounis incorporates by reference, its answers to paragraphs 1-65 of the Complaint, as if set forth in full herein.

67. Gounis denies that any fiduciary relationship of trust and confidence existed between Plaintiffs and Gounis. Gounis is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67 of the Complaint.

68. Gounis admits that Berdon was required to provide its services to Plaintiffs pursuant to certain standards to be established at trial. Gounis denies the remaining allegations contained in paragraph 68 of the Complaint.

69. Gounis denies that any fiduciary obligation or other duty of loyalty and good faith existed between Plaintiffs and Gounis. Gounis is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69 of the Complaint.

70. Gounis denies the allegations contained in paragraph 70 of the Complaint.

71. Gounis denies the allegations contained in paragraph 71 of the Complaint.

### FOURTH CLAIM FOR RELIEF

72. Gounis incorporates by reference, its answers to paragraphs 1-71 of the Complaint, as if set forth in full herein.

73. Gounis states that from 2005 through 2010 Gounis acted within the scope of his employment for Berdon with respect to Plaintiffs accounts. Gounis otherwise denies the allegations contained in paragraph 73 of the Complaint.

74. Gounis denies the allegations in paragraph 74 of the Complaint.

75. Gounis denies the allegations contained in paragraph 75 of the Complaint, except that Gounis is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding anything discovered by Plaintiffs.

76. Gounis denies the allegations contained in paragraph 76 of the Complaint.

77. Gounis denies the allegations contained in paragraph 77 of the Complaint.

78. Gounis denies the allegations contained in paragraph 78 of the Complaint.

79. Gounis denies the allegations contained in paragraph 79 of the Complaint.

80. Gounis denies the allegations contained in paragraph 80 of the Complaint.

### FIFTH CLAIM FOR RELIEF

81. Gounis incorporates by reference, its answers to paragraphs 1-80 of the Complaint, as if set forth in full herein.

82. Gounis admits that New York's Business Law §349 contains the quoted language.

83. Gounis denies the allegations contained in paragraph 83 of the Complaint.

84. Gounis denies the allegations contained in paragraph 84 of the Complaint.

## SIXTH CLAIM FOR RELIEF

85. Gounis incorporates by reference, its answers to paragraphs 1-84 of the Complaint, as if set forth in full herein.

86. Paragraph 96 contains nonfactual legal conclusions and analyses to which Gounis does not respond in this Answer.

87. Gounis admits that Section 17203 contains the quoted language.

88. Gounis admits that Section 17204 contains the quoted language.

89. Gounis denies the allegations contained in paragraph 89 of the Complaint.

90. Gounis denies the allegations contained in paragraph 90 of the Complaint.

91. Gounis denies the allegations contained in paragraph 91 of the Complaint.

92. Gounis denies the allegations contained in paragraph 92 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

93. Gounis incorporates by reference, its answers to paragraphs 1-92 of the Complaint, as if set forth in full herein.

94. Gounis denies the allegations contained in paragraph 94 of the Complaint.

95. Gounis denies the allegations contained in paragraph 95 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted and Gounis reserves the right to move at or before the time of trial to dismiss the Complaint on that basis

### SECOND AFFIRMATIVE DEFENSE

The Complaint must be dismissed in that Plaintiffs have sustained no damages. Plaintiffs have sustained no damages allocable to Gounis.

### THIRD AFFIRMATIVE DEFENSE

There was no privity between Plaintiffs and Gounis.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have incurred any damages, which is specifically denied, any such damages have been caused by their own actions or inactions or by the action or inactions of Plaintiffs' other agents. Accordingly, Plaintiff's claims are barred and/or limited by their own fault.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of the damages which they allege were sustained and, accordingly, the complaint herein must be dismissed in its entirety.

### SIXTH AFFIRMATIVE DEFENSE

Gounis breached no duty owed to Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

Any action or inaction by Gounis was not the proximate cause of any harm or loss to Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to, the Statute of Limitations, was not complied with by the Plaintiffs, and, accordingly, the Plaintiffs claim is barred as a matter of law in whole or in part.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs are guilty of laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Fifth Claim for Relief, violation of New York General Business Law, fails to state a claim upon which relief can be granted and must be stricken because the statute does not apply to professional services.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Sixth Claim for Relief, violation of California Business and Professions Code §§17200, 17203 and 17204, fail as a matter of law and must be stricken because Plaintiff's have failed to identify any unlawful conduct engaged in and by Defendant Gounis.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Sixth Claim for Relief, violation of California Business and Professions Code §§17200, 17203 and 17204, fail as a matter of law because Plaintiffs Plaintiff's have failed to identify any business practice, engaged in by Gounis that is unfair.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Sixth Claim for Relief, violation of California Business and Professions Code §§17200, 17203 and 17204, fail as a matter of law because Defendant Gounis is a New Jersey citizen and all acts performed by Defendant Gounis with respect to Plaintiff's accounts, were performed in the State of New York.

**WHEREFORE**, Defendant Gounis prays that Plaintiff take nothing by the Complaint, and that Defendant Gounis be awarded judgment in this action, plus attorneys fees and costs of suit.

GIORDANO, HALLERAN & CIESLA<br>
A Professional Corporation<br>
Attorneys for Defendant, Peter Gounis<br>
<br>
By: _____<br>
CHRISTOPHER J. MARINO, ESQ.

Dated: 8/3/2012

Docs #1081909-v1